*In re* LEXINGTON AVE.

*In re* NEW YORK EL. RY. CO.

*(Supreme Court, General Term, First Department.* February 18, 1892.)

1. CONDEMNATION PROCEEDINGS—MEASURE OF DAMAGES.
    In taking land for a street opening, the measure of damage to a building thereon, a part of which is taken, is the difference between the value of the building before the taking and the value of the remaining portion after the street is opened, and in making awards for land the benefit should be assessed on the land benefited, and not considered with reference to the land taken.

2. SAME—AWARD—WHEN ALLOWED.
    Property owners should not be allowed an award from the time of confirmation of the commissioners' report, but from the time of filing, where the delay has been occasioned by their conduct.

Appeal from special term, New York county.

Proceedings for the opening of Lexington avenue. The New York Elevated Railway Company appeals from an order confirming the report of commissioners of estimate and assessment. Affirmed. For former reports, see 17 N. Y. Supp. 870, and cases therein referred to.

Argued before VAN BRUNT, P. J., and LAWRENCE and O'BRIEN, JJ.

*James A. Deering,* for appellant. *Wm. H. Clark, (Carroll Berry,* of counsel,) for respondent.

VAN BRUNT, P. J. This is an appeal from the order confirming the report of the commissioners, and it is claimed that the proceedings of the commissioners were irregular, and not in accordance with the statute, and that the commissioners did not award just compensation to the appellant. The first point has already been disposed of upon the appeal from the order denying a motion to vacate and set aside the report of the commissioners, and it is only necessary to consider here the point last made. It is claimed that the commissioners did not make an estimate of the loss and damage, if any, over and above the benefit and advantage, or of the benefit and advantage, if any, over and above the loss and damage, to the appellant, as required by section 970 of the consolidation act. This objection is founded upon the fact that the commissioners made a map or survey called a "damage map," upon which they laid out the parcel of land 75 feet in width running from Ninety-Eighth to Ninety-Ninth street, that being the land included within the line of the street, and the portion of the building included therein. This parcel of land they divided into nine small parcels, and for each made a separate award, amounting in all to $29,248.40. They then made a separate award for the building, it being partly situated upon said nine parcels, of $22,000; the award for land and buildings aggregating $49,248.40. They then had a map made, showing the land on both sides of the avenue, which they divided into separate parcels, and assessed each of these parcels separately. The appellant claims that the amount awarded for the separate parcels of land and for the building could not represent the actual damage to the property, which should have been considered as a whole, for the actual damage was the difference in value of the entire property before and after the improvement. It appears from the affidavit of one of the commissioners that they considered the measure of damages, as far as the buildings were concerned, to be the value of the buildings as they stood before, and what would be the value of the remaining portion after the improvement had been consummated. This, it is claimed, was a method which would necessarily take into consideration any benefit to the remaining lands and structures, and be the net damage to the appellant. This view, although specious, has really no foundation in fact. There is no presumption that by taking away a portion of a building it can derive any benefit therefrom, and that it will be more valuable as a building after it has been mutilated than it was before. The record shows

that as·to the land the valuation proceeded upon an entirely different basis. The commissioners made awards for the land taken, and assessed the benefit upon the land benefited, and in the assessment of the value of the land taken the commissioners nowhere considered the benefit of the taking to the remaining lands; and, as we have already seen there is no presumption that the taking away of a part of a structure makes that which remains more valuable, there does not seem to have been any error in the proceedings of the commissioners in this respect.

The claim is also made that the commissioners erred in not awarding the value of the property as of July, 1890, when their report was finally presented for confirmation, and was confirmed, but that they reported the value as of the time when they made their report. It is undoubtedly true that in proceedings for the opening of streets the valuation to be fixed by the commissioners is as of the time of the termination of the proceedings, and the closest approach which the commissioners can make to a compliance with this rule is to fix the valuation as of the date of their report. It is impossible for the commissioners to ascertain what will be the valuation of the property at the time the report is finally confirmed. That would be the merest speculation, and, as delays in the confirmation of these proceedings ordinarily arise from the obstacles placed in the way of those whose property is taken, no great hardship seems to result. In the case at bar much of the delay arose from the dilatory proceedings upon the part of the appellant. We think, therefore, that the fact that a considerable time elapsed from the time the report was originally made before it was confirmed in no way affects the correctness of the valuation as given by the commissioners. The order appealed from should be affirmed, with costs. All concur.